# Exhibit A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

| | | |
|---|---|---|
| JANET SIHLER, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 8:23-cv-01450-VMC-UAM |
| GLOBAL E-TRADING, LLC DBA CHARGEBACKS911, et al. | ) ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Microsoft Corporation c/o Corporation Service Company
300 Deschutes Way SW, Suite STE 208 MC-CSC1, Tumwater, WA 98501

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: Addison Legal Services, LLC - (360) 529-3933<br>2405 Evergreen Park Drive SW, Suite B-2, Olympia, WA 98502<br>serve@addisonlegal.com | Date and Time:<br>July 25, 2024, at 10:00 AM PDT |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: June 21, 2024

CLERK OF COURT

_____             OR   Kevin Kneupper -  *KK*
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## DEFINITIONS

For the purposes of these requests, the following definitions shall apply:

1. **"Chargebacks911"** means Global E-Trading, LLC DBA Chargebacks911, and includes any and all of its officers, including without limitation Monica Eaton, directors, former officers and directors, including without limitation Gary Cardone, partners, associates, employees, staff members, agents, representatives, attorneys, subsidiaries (foreign or domestic), parents, affiliates, divisions, successors, predecessors, and any other related entities, and specifically includes all assets or companies that have been acquired by them or with respect to which they have succeeded to rights or obligations.

2. **"Brightree Holdings"** means Brightree Holdings Corp. It also includes any and all of its officers, directors, partners, associates, employees, staff members, agents, representatives, attorneys, subsidiaries (foreign and domestic), parents, affiliates, divisions, successors, predecessors, and any other related entities, and specifically include all assets or companies that have been acquired by them or with respect to which they have succeeded to rights or obligations.

3. **"Beyond Global"** means Beyond Global Inc. It also includes any and all of its officers, directors, partners, associates, employees, staff members, agents, representatives, attorneys, subsidiaries (foreign and domestic), parents, affiliates, divisions, successors, predecessors, and any other related entities, and specifically include all assets or companies that have been acquired by them or with respect to which they have succeeded to rights or obligations.

4. **"BMOR Global, LLC"** means BMOR Global, LLC. It also includes any and all of its officers, directors, partners, associates, employees, staff members, agents, representatives, attorneys, subsidiaries (foreign and domestic), parents, affiliates, divisions, successors, predecessors, and any other related entities, and

specifically include all assets or companies that have been acquired by them or with respect to which they have succeeded to rights or obligations.

5. **"Blue Hat Marketing"** means Blue Hat Marketing or any other name or trade name under which Blue Hat Marketing (*see* https://bluehatmarketing.com/en-ca/) operates and includes any and all of their officers, directors, partners, associates, employees, staff members, agents, representatives, attorneys, affiliates, successors, predecessors, and any other related entities or individuals, and specifically includes all assets or companies that have been acquired by them or with respect to which they have succeeded to rights or obligations.

6. **"MSwipe Americas"** means MSwipe Americas or any other name or trade name under which MSwipe Americas (*see* https://mswipe.ca/) operates and includes any and all of their officers, directors, partners, associates, employees, staff members, agents, representatives, attorneys, affiliates, successors, predecessors, and any other related entities or individuals, and specifically includes all assets or companies that have been acquired by them or with respect to which they have succeeded to rights or obligations.

7. **"Communication"** means any contact or act by which information or knowledge is transmitted and includes without limitation: (i) written contact, whether by letter, memoranda, e-mail, telegram, telex, text message, internet or chat message, or other document; (ii) oral contact, whether by face-to-face meetings, telephone conversations, Skype, Zoom, or otherwise; and (iii) nonverbal acts intended to communicate or convey any meaning, understanding or other message.

8. **"Documents"** is used in the broadest sense and in accordance with the Federal Rules of Civil Procedure. "Document" refers to, and includes, but is not limited to: all originals (and all non-identical copies, including drafts, which shall be construed as separate documents within the meaning of this term), regardless of

origin or location, and however created, produced, stored or maintained, of any and all handwritten, typewritten, printed, or recorded graphic matter, any writing, correspondence, records, notes, drawings, graphs, charts, photographs, phonorecords, tape recordings, lists, logs, spreadsheets, financial information or analyses, books, papers, files, memoranda, reports, schedules, transcriptions, telegrams, telexes, wire messages, telephone messages, voicemail messages, calendars, diaries, budgets, invoices, audio and video recordings, electronic mail (otherwise known as "e-mail"), electronic data compilations, electronically stored information, computer disks ( or hard copies of the data contained on such disks), including all forms of computer storage and retrieval, and other electronic media, microfilm, microfiche and storage devices, and every other data compilations from which information can be obtained (translated, if necessary, by You through detection devices into reasonably usable form) within the actual or constructive possession, custody, or control of You or Your attorneys.

9. **"Relate to" or "relating to"** means in any way directly or indirectly, in whole or in part, discussing, referring to, regarding, constituting, concerning, about, pertaining to, reflecting, considering, underlying, modifying, amending, confirming, mentioning, endorsing, evidencing, summarizing, memorializing, describing, analyzing, evaluating, representing, supporting, qualifying, terminating, revoking, canceling or negating.

10. **"You" and "Your"** means Microsoft Corporation, or any other name or trade name under which Microsoft Corporation operates and includes any and all of their officers, directors, partners, associates, employees, staff members, agents, representatives, attorneys, subsidiaries (foreign or domestic), parents, affiliates, divisions, successors, predecessors, and any other related entities, and specifically includes all assets or companies that have been acquired by them or with respect to which they have succeeded to rights or obligations.

## RULES OF CONSTRUCTION

1.  Each of the functional words "all," "each," "any," and "every" shall be deemed to include each of the other functional words.

2.  The connectives "and," "or," and "and/or" shall each be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.  The use of the singular form of any word includes the plural and vice versa.

4.  The definition of each term defined above shall be used regardless of whether the term is capitalized.

## INSTRUCTIONS

1.  These requests require You to produce all responsive documents or things that are in Your actual or constructive possession, custody, or control.

2.  These requests are continuing in nature. If, after answering the requests, You obtain or become aware of any further information or documents responsive to the requests, either directly or indirectly, a supplemental answer or production is required. You are under a duty seasonably to amend a prior response upon learning that the response is incomplete or incorrect.

3.  If You contend that any requested information is subject to any privilege (such as attorney-client) or protection (such as attorney work-product) and You intend to assert such privilege or protection, You are required to set forth a sufficient factual basis to establish that such privilege or protection is applicable to the requested information (e.g., by preparing a list of withheld information in a "privilege log"). With respect to any requested information that is being withheld, the following information shall be provided: (i) the type of document; (ii) the title or general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document for a subpoena duces

tecum, including, where appropriate, the author of the document, the addressee of the document, and where not apparent, the relationship of the author and addressee to each other, and the name(s) and address(es) of each person who viewed, was in any way made known the contents of, or has had possession, custody or control of the document or of any copies of the document.

4. If, for reasons other than privilege, You refuse to produce documents or withhold documents sought in any request, You are required to state the grounds upon which the refusal is based with sufficient specificity to permit Plaintiff and the Court to determine the propriety of such refusal.

5. For any document responsive to a request that exists in electronic form, You shall produce such document in electronic form, including but not limited to, originals and all copies and versions of electronic mail ("e-mail"); activity listings of e-mail receipts and/or transmittals; voice-mail; text messages; audio or video recordings of any kind; computer programs (whether private, commercial, or a work-in-progress); programming notes or instructions; output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs, and outlines; operating systems; source code of all types; image files including but not limited to JPG or JPEG, TIFF, PICT, and BMP; PDF files, batch files in any format, including ASCII, XML or CSV format; and all miscellaneous electronic files and/or file fragments, regardless of the media on which they are stored and regardless of whether the data resides in an active file, deleted file, or file fragments. Electronic data includes any and all information stored in or on a cloud internet server such as Amazon S3, Dropbox, or Google Drive, network attached storage (NAS) devices, storage area network devices (SAN), hard disks, solid state drives, floppy disks, CD and DVD disks, external hard drives or their equivalent, external solid state drives, portable storage devices including USB, solid state cards, or Fire Wire drives; magnetic tapes of all kinds, and computer chips

(including, but not limited to, EPROM, PROM and ROM). Electronic data also includes the file, folder tabs, containers or labels appended to any storage device containing electronic data. For any document that is password encrypted, you shall provide means of access to that document or an unencrypted copy of its contents.

## REQUESTS

Please produce the following documents:

1. Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—*i.e.*, David Flynn—and the Skype user Nicholas Carroll or the Skype account "n.carroll_6" from January 1, 2019 through December 31, 2023.

2. Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—*i.e.*, David Flynn—and the Skype user Johnny DeLuca from January 1, 2019 through December 31, 2023.

3. Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—*i.e.*, David Flynn—and the Skype user Benjamin Scrancher a/k/a Ben Scrancher or the Skype account "b.scrancher" from January 1, 2019 through December 31, 2023.

4. Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—*i.e.*, David Flynn—and the Skype user Meghan O'Donnell or the Skype account "m.odonnell_19" from January 1, 2019 through December 31, 2023.

5. Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—*i.e.*, David Flynn—and the Skype account "m.jacula" from January 1, 2019 through December 31, 2023.

6. Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—*i.e.*, David Flynn—and the Skype user Melissa Flipski or the Skype account "melflipski" from January 1, 2019 through December 31, 2023.

7. Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—*i.e.*, David Flynn—and the Skype user Gary Cardone or the Skype account "gcardone1" from January 1, 2019 through December 31, 2023.

8. Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—*i.e.*, David Flynn—and the Skype account(s) for subscriber Monica Eaton a/k/a Monica Cardone from January 1, 2019 through December 31, 2023.

9. Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—*i.e.*, David Flynn—and the Skype user Anthony Pugliese or the Skype account "apugliese_12" from January 1, 2019 through December 31, 2023.

10. Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—*i.e.*, David Flynn—and the Skype user Brandon Figueroa or the Skype account "brandontfigueroa" from January 1, 2019 through December 31, 2023.

11. Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—*i.e.*, David Flynn—and the Skype user Aurora Marshall or the Skype account "a.marshall_24" from January 1, 2019 through December 31, 2023.

12.   Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—*i.e.*, David Flynn—and the Skype account "instantlyfamous" from January 1, 2019 through December 31, 2023.

13.   Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—*i.e.*, David Flynn—and the Skype account "threecommaclub" from January 1, 2019 through December 31, 2023.

14.   Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—*i.e.*, David Flynn—and the Skype account "thebigguy1978_1" from January 1, 2019 through December 31, 2023.

15.   Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—*i.e.*, David Flynn—relating to MSwipe Americas from January 1, 2019 through December 31, 2023.

16.   Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—*i.e.*, David Flynn—relating to Brightree Holdings from January 1, 2019 through December 31, 2023.

17. Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—*i.e.*, David Flynn—relating to Beyond Global, Inc. from January 1, 2019 through December 31, 2023.

18. Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—*i.e.*, David Flynn—relating to BMOR Global, LLC from January 1, 2019 through December 31, 2023.

19. Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—*i.e.*, David Flynn—relating to Blue Hat Marketing from January 1, 2019 through December 31, 2023.

20. Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—*i.e.*, David Flynn—relating to Chargebacks911 from January 1, 2019 through December 31, 2023.

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.: