# Exhibit B



Kevin Kneupper
kevin@kneuppercovey.com
(657) 845-3100

June 21, 2024

**Via Personal Service:**
Microsoft Corporation
c/o Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301

Microsoft Corporation
c/o Corporation Service Company
300 Deschutes Way SW
Suite STE 208 MC-CSC1
Tumwater, WA 98501

**Re:** Subpoena in *Sihler et al. v. Global E-Trading LLC dba Chargebacks 911 et al.*, Case No. 8:23-cv-01450-VMC-JSS

To whom it may concern:

This firm represents Plaintiffs Janet Sihler, individually and on behalf of all others similarly situated and Charlene Bavencoff individually and on behalf of all others similarly situated in the above captioned matter. Enclosed with this letter is a subpoena issued to Microsoft Corporation for the Skype records associated with the account "xcellent.choice" or other accounts used by the owner of that account, David Flynn (the "Subpoena").

**Relevant Background**

The Subpoena arises out of the illegal accounting used to cover up a scheme to defraud consumers in connection with the sale of sham weight-loss pills branded "Ultra-Fast Keto Boost" or "Instant Keto Boost" (the "Keto Products"). The merchants who peddled the worthless Keto Products advertised that various celebrities had endorsed the Keto Products and claimed to offer promotions and discounts. As the victims of the scheme discovered, the gleaming celebrity endorsements were fabricated, and they were charged



Kevin Kneupper
kevin@kneuppercovey.com
(657) 845-3100

far more for the Keto Products than the promotional price that they were promised.[1] After the Plaintiffs entered their payment information in reliance on the imaginary celebrity endorsements and promises of "free" products, the sellers of the Keto Products, without authorization, charged them for the full price of the products that they purchased. When Plaintiffs requested a refund, the sellers and fulfillment companies told them that they would have to ship the products back at their own expense or simply ignored them.

Defendants played an essential role in concealing the fraud at the heart of the Keto Products scam. One hurdle to perpetrating a fraud that involves overcharging consumers *en masse* is that consumers who were overcharged or dissatisfied will seek a charge back from their bank or credit card company. Once a merchant's charge back rate exceeds a certain percentage of its total transactions, the merchant is subject to fees and eventually could be cut off from the payment processing services and financial services at major banks and credit cards. The Defendants helped the sellers of the Keto Products to keep their charge back rate low artificially and thus to allow the Keto Product scheme to continue undetected. The Defendants also advised the Keto Product marketers and branders about the misrepresentations in their media and offered software that carried out the scheme to conceal the true number of victims who sought chargebacks for their purchases of the Keto Products. The Plaintiffs' lawsuit names as defendants Global E-Trading LLC d/b/a Chargebacks911, its founder and former CEO, Gary Cardone, and its current CEO, Monica Eaton.

**<u>The Subpoena</u>**

Plaintiffs issue this Subpoena for the content data associated with the Skype account "xcellent.choice" or any other account used by the subscriber to that account, David Flynn. The Subpoena seeks documents that are relevant to the Plaintiffs' claims and proportional to their needs. Information sought by a subpoena to a nonparty is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *Carter-Mixon*

[1] In addition to the underlying action in which Plaintiffs issue this Subpoena, Plaintiffs have brought claims on behalf of themselves and similarly situated class members against the individuals and entities who created, marketed, and shipped the Keto Products. *See* Second Amended Class Action Complaint, *Sihler et al. v. The Fulfillment Lab, Inc., et al.*, 3:20-cv-01528-LL-MSB (S.D. Cal. March 7, 2022), ECF No. 120.



Kevin Kneupper
kevin@kneuppercovey.com
(657) 845-3100

*v. City of Tacoma*, No. C21-05692-LK, 2022 U.S. Dist. LEXIS 170752, at *6 (W.D. Wash. 2022). The subject of the Subpoena—Mr. Flynn—was at the forefront of the Keto Products scam, creating the sham products and deceptive advertising campaigns that preyed on vulnerable consumers. Based on communications produced to Plaintiffs and depositions testimony, the Plaintiffs know that Mr. Flynn regularly communicated with his co-conspirators and their employees or agents using Skype, including with respect to the scheme to conceal the Keto Products fraud. Plaintiffs are reasonably informed that the communications in Mr. Flynn's Skype account discuss the details and methods of the Keto Products fraud and therefore are likely to make Plaintiffs' claims more or less probable. Specifically, those communications are at least likely to establish the existence of the Keto Products scheme. To the extent those communications reference or discuss the relationship between Mr. Flynn and Chargebacks911 or its co-conspirators, they also are likely to prove Chargebacks911's liability for its participation in the conspiracy.

The Subpoena also minimizes the burden on Microsoft. Mr. Flynn is not a defendant in the lawsuit against Chargebacks911, nor is he an employee subject to any Defendant's control. To the extent possible, Plaintiffs have sought Mr. Flynn's Skype data from the Defendants, going as far as to move to compel the production of certain Skype chats within the Defendants custody. *Sihler et al. v. Global E-Trading LLC dba Chargebacks 911 et al.*, ECF. No. 67. The Defendants have declined to produce Mr. Flynn's Skype data, responding that they do not have possession, custody, or control of those data. *Sihler et al. v. Global E-Trading LLC dba Chargebacks 911 et al.*, ECF No. 74. Moreover, to the extent that the Skype chat data do not involve communications directly with the Defendants—*e.g.*, communications between Mr. Flynn and other non-party co-conspirators in the Keto Product scheme—Defendants would not have access to those communications.

The Subpoena also is limited in scope. The Subpoena is focused on the period during which Plaintiffs believe that Mr. Flynn and his co-conspirators were working with the Defendants to execute the Keto Product fraud and the immediate aftermath. That temporal tailoring reduces the burden on Microsoft to comply. *See Rockhill v. Jeude*, No. 2:011-cv-01308 BJR, 2012 U.S. Dist. LEXIS 99894, at *12 (W.D. Wash. 2012). The Subpoena also describes with particularity the data it seeks, listing specific Skype handles, persons, and topics that give Microsoft adequate notice of the data to be searched and gathered.



Kevin Kneupper
kevin@kneuppercovey.com
(657) 845-3100

Lastly, to the extent that Microsoft believes that the Subpoena implicates the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2510, *et seq.*, enclosed with this letter is Mr. Flynn's consent to the disclosure of the content data from his Skype accounts. ECPA expressly carves out a safe harbor for disclosure of subscriber content data pursuant to "the lawful consent of the originator or an addressee or intended recipient of such communication, or the subscriber in the case of remote computing service." 18 U.S.C. § 2702(b)(1), (3); *Graf v. Zynga Game Network, Inc. (In re Zynga Privacy Litig.)*, 750 F.3d 1098, 1104 (9th Cir. 2014). Here, Mr. Flynn has provided his lawful consent to the disclosure of his content data from his Skype account, obviating any concern of a wrongful disclosure under the ECPA.

I look forward to receiving Microsoft's production of documents in response to the Subpoena. Please feel free to contact me with any questions.

Sincerely,

Kevin M. Kneupper
**Kneupper & Covey PC**

Encl: Subscriber consent

# SETTLEMENT AGREEMENT

## I. INTRODUCTION

1. This Settlement Agreement is entered into by Plaintiffs on behalf of themselves and the Class, and Defendants David Flynn, Bmor Global LLC, Brightree Holdings Corp., and Beyond Global, Inc. ("Flynn Defendants"). Together, the Flynn Defendants and Plaintiffs Janet Sihler and Charlene Bavencoff are referred hereto collectively as the "Parties." Capitalized terms used herein are defined in Section III of this Settlement Agreement or indicated in parentheses.

2. Subject to Court approval, the Parties stipulate and agree that, in consideration for the promises and covenants set forth in this Settlement Agreement and upon entry by the Court of a Final Judgment and Order Approving Settlement and the occurrence of the Effective Date, the Action as it relates to the Flynn Defendants shall be settled and compromised upon the terms and conditions contained herein.

## II. RECITALS

1. WHEREAS, on August 6, 2020, Plaintiffs filed a class action complaint against the Flynn Defendants, among other parties, in the United States District Court for the Southern District of California captioned *Sihler et al. v. The Fulfillment Lab Inc., et al.*, 3:20-cv-01528, on behalf of themselves and similarly situated consumers as part of a nationwide and California state sub-class (the "Action"); and

2. WHEREAS, on June 23, 2023, the court certified the class against the Action's Defendants, including the Flynn Defendants; and

3. WHEREAS, in June 2023, Plaintiffs' counsel has filed a related action against multiple defendants including Chargebacks911, Monica Eaton, and Gary Cardone in federal court in the Middle District of Florida alleging that those defendants are also liable to the same Class for their participation in the enterprise that resulted in damages to the Class in the case styled *Sihler et al. v. Global e-Trading LLC dba Chargebacks911 et al.*, 8:23-cv-01450 (the "Florida Action"); and

4. WHEREAS it appears to Plaintiffs' Counsel that Mr. Flynn is in possession of written communications with the defendants in the

Florida Action that would substantially assist the Plaintiffs in pursuing their claims against the defendants in the Florida Action; and

5. WHEREAS without this Settlement Agreement Plaintiffs would be unable to access these written communications from the Flynn Defendants as discovery has closed in this Action and Plaintiffs are unable to obtain additional documents from any Defendant in this Action that was not already produced; and

6. WHEREAS, Plaintiff's Counsel have determined that it is in the best interests of the Class to pursue an icebreaker settlement with the Flynn Defendants that will provide the class potential evidence against defendants in the Florida Action;

7. WHEREAS Plaintiffs' Counsel has determined that the time and expense of collecting any possible judgment against the Flynn Defendants may exceed the benefit to the Class; and

8. WHEREAS, the Flynn Defendants, to avoid costs, disruption and distraction of further litigation has concluded that it is desirable that the claims against him be settled and dismissed on the terms in this Settlement Agreement;

9. NOW, THEREFORE, this Settlement Agreement is entered into by and among the Parties, and the Parties agree that: (1) upon the Effective Date, the Action and all Released Claims shall be fully, finally, and forever settled and compromised as between Plaintiff and the Settlement Class on the one hand, and the Flynn Defendants on the other hand; and (2) upon final approval of the Settlement Agreement, the Final Judgment and Order Approving Settlement shall be entered dismissing the Action with prejudice and releasing all Released Claims against the Flynn Defendants.

## III. DEFINITIONS

1. "Class" means all individuals included in the class certified by the Court in its June 23, 2023 order.

2. "Plaintiffs' Counsel" means Kneupper and Covey PC, and includes Kevin Kneupper and Cyclone Covey.

3. "Released Claims" means all claims included in Plaintiffs' Second Amended Complaint asserted against the Flynn Defendants.

## IV. CONSIDERATION

In consideration of the release provided by the Plaintiffs herein the Flynn Defendants agrees as follows:

1. To provide Plaintiffs' Counsel full and complete copies of all written communications in his possession with any defendant or employee of a defendant in the Florida Action, including without limitation emails, Skype chats, and Telegram chats.

2. To provide Plaintiffs' Counsel a sworn declaration authenticating the documents the Flynn Defendants provide to Plaintiffs' counsel pursuant to Section IV.1 above.

3. To provide Plaintiffs' Counsel a sworn declaration consenting to a subpoena by Plaintiffs' Counsel to Microsoft for any Skype chats or Skype group conversations to which Mr. David Flynn may have been a party that include any of the following individuals or screen names:

    1. Nicholas Carroll
    2. Skype screen name: n.carroll_6
    3. Johnny DeLuca
    4. Anthony Pugliese
    5. Skype screen name: apugliese_12
    6. Brandon Figueroa
    7. Skype screen name: brandontfigueroa
    8. Aurora Marshall
    9. Skype screen name: a.marshall_24
    10. Benjamin Scrancher (aka Ben Scrancher)

11. Skype screen name: b.scrancher

12. Meghan O'Donnell

13. Skype screen name: m.odonnell_19

14. Skype screen name: m.jacula

15. Melissa Flipski

16. Skype screen name: melflipski

17. Gary Cardone

18. Monica Eaton (aka Monica Cardone)

4. To provide reasonable assistance to Plaintiffs' Counsel in obtaining Skype chats from Microsoft via the document subpoena contemplated in Section IV.3 above including providing additional confirmation of Mr. Flynn's consent to the subpoena that Microsoft may require.

5. To appear at a two-day deposition and testify truthfully in the matter *Sihler v. Global E-Trading LLC dba Chargbacks911*.

Mr. Flynn represents that, contemporaneously with the execution of this Settlement Agreement he has provided all items in his possession outlined in Section IV.1 above and has provided the declaration contemplated in Section IV.2 above. In the event that Mr. Flynn discovers additional communications covered by Section IV.1 above he will promptly provide copies to Plaintiffs' counsel and will update any authenticating declaration as necessary.

## V. COURT JURISDICTION

1. The Court shall retain exclusive and continuing venue and jurisdiction over the Parties and the Class Members to interpret and enforce the terms, conditions, and obligations under the Settlement Agreement and any disputes over such issues shall be brought in this Court.

2. This Settlement Agreement is subject to and conditioned upon the issuance by the Court of a Final Order Approving Settlement.

Agreed as of: 04/30/2024

The Flynn Defendants:

David Flynn

Verified by signNow
04/30/2024 21:24:27 UTC
e8e30fa95c7241878595

David Flynn

David Flynn

Verified by signNow
04/30/2024 21:24:27 UTC
ccfdd66ffa1f465c9a03

Brightree Holdings Corp.

David Flynn

Verified by signNow
04/30/2024 21:24:27 UTC
5fed0a9437494406a101

BeMo Global LLC

David Flynn

Verified by signNow
04/30/2024 21:24:27 UTC
4cedb84c67934d0288fd

Beyond Global Inc.

Plaintiffs, individually and on behalf of the Class:

Janet R Sihler

Verified by signNow
05/04/2024 18:19:46 UTC
f4c3513f206748238ee2

Janet Sihler

Charlene Bavencoff

Verified by signNow
05/04/2024 18:32:49 UTC
09c105c1f5784d6ca463

Charlene Bavencoff

**DECLARATION OF DAVID FLYNN**

1. My name is David Flynn. My Skype screen name is xcellent.choice.

2. On April 20, 2024 I took screenshots of various Skype and Telegram chats in which I was a party. On April 30, 2024 I produced those screenshots to Plaintiffs' counsel in the *Sihler v. The Fulfillment Lab* matter. My production includes at least 283 files. Those screenshots are true and accurate copies of the chats.

3. On April 30, 2024, I performed an export of the same Skype chats using the process detailed on the following web page: https://support.skype.com/en/faq/FA34894/how-do-i-export-or-delete-my-skype-data. I provided the results of that export to Plaintiffs' counsel that same day. That same day I also exported copies of emails between me and Gary Cardone. I provided those emails to Plaintiffs' counsel.

4. I understand Plaintiffs' counsel may seek to subpoena additional Skype chats in additional litigation in which Plaintiffs or Plaintiffs' counsel is engaged. I hereby consent to any third party, including Microsoft, producing to Plaintiffs or Plaintiffs' counsel any Skype chats in their possession, custody or control that include me or my Skype ID if such Skype chats or conversations include any of the following individuals or Skype IDs:

- Nicholas Carroll
- Skype screen name: n.carroll_6
- Johnny DeLuca
- Anthony Pugliese

- Skype screen name: apugliese_12
- Brandon Figueroa
- Skype screen name: brandontfigueroa
- Aurora Marshall
- Skype screen name: a.marshall_24
- Benjamin Scrancher (aka Ben Scrancher)
- Skype screen name: b.scrancher
- Meghan O'Donnell
- Skype screen name: m.odonnell_19
- Skype screen name: m.jacula
- Melissa Flipski
- Skype screen name: melflipski
- Gary Cardone
- Monica Eaton (aka Monica Cardone)

This consent to production applies without regard to whether I have been removed from the chat or conversation or have cleared the chat or conversation history or otherwise no longer have access to the chats or conversations in question.

I hereby declare the above statements are true and correct under the penalty of perjury under Federal law.

This 30th day of April, 2024

David Flynn

Verified by signNow
04/30/2024 21:24:27 UTC
eb31cc8e8d794a468abd

David Flynn
Declarant