Exhibit G

1
2
3
4
5
6
7
8      Proceedings in the United States District Court

9   JANET SIHLER, et al.,

10              Plaintiffs,              Civil Action No.: 8:23-cv-01450-VMC-UAM

11   v.

12   GLOBAL E-TRADING, LLC DBA          **MICROSOFT CORPORATION'S**
     CHARGEBACKS911, et al.             **OBJECTIONS TO SUBPOENA TO**
13                                       **PRODUCE DOCUMENTS,**
                Defendants.             **INFORMATION, OR OBJECTS OR TO**
14                                       **PERMIT INSPECTION OF PREMISES IN**
                                         **A CIVIL ACTION**
15

16          Pursuant to Rule 45 of the Federal Rules of Civil Procedure, nonparty Microsoft

17   Corporation ("Microsoft") makes the following objections to the subpoena from Janet Sihler

18   and Charlene Bavencoff  ("Plaintiffs") in the above-referenced matter.  Microsoft's objections

19   and responses are based on its investigation to date.  Microsoft expressly reserves the right to

20   modify and supplement these objections and responses if additional information or documents

21   are located by Microsoft.  Microsoft assumes no obligation to supplement its responses, beyond

22   those permitted by applicable court rules, if any.  To the extent that a meet and confer regarding

23   any of these objections is necessary, please contact undersigned counsel.

24                          **I.      GENERAL OBJECTIONS**

25          **1.      Improper Subpoena**.  Microsoft objects to the subpoena because it fails to state

26   the court from which it was issued. *See* Fed. R. Civ. P. 45(a)(1)(A)(i). Microsoft also objects to

27

MICROSOFT'S OBJECTIONS TO SUBPOENA - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104-1610
206-622-3150 main · 206-757-7700 fax

the subpoena because it fails to identify the issuing party. *See* Fed. R. Civ. P. 45(a)(3). Failure to do so renders the subpoena invalid.

**2.      Washington Shield Law.** Microsoft objects to the subpoena to the extent it seeks records or information that Microsoft is barred from producing under Engrossed Substitute House Bill 1469, 2023 Reg. Sess. (Wash. 2023) (the "Shield Law"). *See also* RCW 5.51.020.  To comply with the requirements of the Shield law you must attest under penalty of perjury that you are not seeking documents, information, testimony, or other assistance relating to an investigation into, or the enforcement of, a law that asserts criminal or civil liability for the provision, receipt, attempted provision or receipt, assistance in provision or receipt, or attempted assistance in the provision or receipt of protected health care services that are lawful in the state of Washington.

**3.      Subscriber Notification.**  Upon proper service of a nonparty subpoena seeking business records, Microsoft implements basic procedures to attempt to locate and preserve the information sought.  If the subpoena requests subscriber information, Internet Protocol address history logs, or similar associated data (collectively "Subscriber Data"), pursuant to industry standard and court-approved practice, after locating the account and preserving the responsive data, Microsoft notifies the subscriber of the subpoena and permits the subscriber a 14-day period during which the subscriber may formally challenge or otherwise limit the subpoena requests by making an appropriate motion before the relevant court.  Upon expiration of the 14-day waiting period, if the subscriber has failed to take timely action and if there are no valid reasons for Microsoft to object to the subpoena, Subscriber Data, if available, is typically produced, along with a document certifying its authenticity.

Following internal review and processing procedures, Microsoft initiates the processes necessary to locate and preserve the data requested and, where active accounts are identified, attempts to notify the subscriber(s) of your Subpoena and of the 14-day period to take appropriate court action.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104-1610
206-622-3150 main · 206-757-7700 fax

**4.** **Preservation of Content.** When content data is requested, Microsoft implements measures to electronically preserve content data pending pursuit of a court order or account holder consent. However, given the frailty of electronic data, Microsoft cannot guarantee that no data will be lost as a natural function of standard retrieval and preservation processes. Further, please note that Microsoft cannot preserve the data indefinitely in anticipation of further action. Unless Microsoft receives written notification of intent to pursue account holder consent for content data within 45 days of the date of this letter, Microsoft may permit the electronic mail content data preserved in response to your request to be deleted as a function of routine document maintenance.

As Microsoft is not a party to this matter and has no interest in its outcome, it is neither Microsoft's intent, nor its desire, to hinder or delay production of the documents requested by you. Microsoft has implemented the procedural requirements noted above in order to conform with what it believes to be proper under applicable local, state, and federal laws and public policies.

**5**.      **Explanation of Inactive And NSU Status Determinations.**  Typically all email content and Internet Protocol Log data associated with accounts that are affirmatively closed by their account holders, or with accounts that are left inactive for approximately 270 days, are permanently deleted.  The remaining "shell" account containing only the registration information provided by the subscriber is labeled "inactive." After an additional 95 days, the shell account is also permanently deleted, and the email address returned to the pool of available addresses.

**6.** **Deleted Messages.**  Please be advised that contrary to what appears to be a popular conception, Microsoft does not maintain comprehensive archives of content sent from or received by any of its Skype, Outlook, MSN, or Hotmail service accounts. All communication content possessed by Microsoft with regard to any given user account consists only of those emails, messages, or recordings accessible to the account holder. Microsoft does not maintain a database of deleted emails, messages, recordings or audio.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104-1610
206-622-3150 main · 206-757-7700 fax

1    **7.    Contrary to the Electronic Communications Privacy Act.**  Microsoft objects

2    to the subpoena to the extent it seeks communications protected from disclosure by the

3    Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. §2510 to §2711, which prohibits

4    the disclosure of communication data in electronic storage without the consent of the account

5    holder.  Microsoft falls within either the definition of a "person or entity providing an

6    electronic communication service to the public" or "a person or entity providing remote

7    computing service to the public." 18 U.S.C. §2702(a), (b).  The ECPA allows entities that

8    provide electronic communication or remote computing services to the public to divulging

9    communication data in electronic storage only in the case of the exemptions in 18 U.S.C.

10   §2702(b).  None of these exemptions appear to be applicable in this case.  The exemptions

11   under 18 U.S.C. §2702(b) do not authorize disclosure of electronic communications even in

12   response to a civil subpoena or even a court order.  The unauthorized disclosure of such content

13   could subject Microsoft and you to serious civil and criminal penalties.  18 U.S.C. §2707.

14   We are not aware of any controlling authority holding that services such as Microsoft's

15   Services are permitted by the ECPA to disclose communication data in electronic storage in

16   response to a civil subpoena. To the contrary, courts have ruled that contents of

17   communications may not be disclosed to civil litigants even when presented with a civil

18   subpoena. *O'Grady v. Superior Court*, 139 Cal.App.4th 1423, 1448 (Cal. App. 2006); *accord*

19   The U.S. Internet Service Provider Association, Electronic Evidence Compliance—A Guide for

20   Internet Service Providers, 18 BERKELEY TECH. L. J. 945, 965 (2003) ([No Stored

21   Communications Act provision] "permits disclosure pursuant to a civil discovery order unless

22   the order is obtained by a government entity. ... [T]he federal prohibition against divulging

23   communication data remains stark, and there is no obvious exception for a civil discovery order

24   on behalf of a private party."); *see also Federal Trade Comm'n v. Netscape Communications

25   Corp.*, 196 F.R.D. 559, 561 (N.D. Cal. 2000) ("There is no reason for the court to believe that

26   Congress could not have specifically included discovery subpoenas in the statute had it meant

27   to."); *In re Subpoena Duces Tecum to AOL, LLC*, 550 F.Supp.2d 606 (E.D. Va. 2008)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104-1610
206-622-3150 main · 206-757-7700 fax

1  ("Agreeing with the reasoning in O'Grady, this Court holds that State Farm's subpoena may not

2  be enforced consistent with the plain language of the Privacy Act because the exceptions

3  enumerated in § 2702(b) do not include civil discovery subpoenas."); *J.T. Shannon Lumber*

4  *Co., Inc. v. Gilco Lumber Inc.*, 2008 WL 4755370 (N.D. Miss. 2008) (holding there is no

5  "exception to the [SCA] for civil discovery or allow for coercion of defendants to allow such

6  disclosure."); *Viacom Intern. Inc. v. Youtube Inc.*, 253 F.R.D. 256 (S.D.N.Y. 2008) ("ECPA §

7  2702 contains no exception for disclosure of [the content of] communications pursuant to civil

8  discovery requests.")

9          As you can understand, given the severity of the penalties under the ECPA, we cannot

10  release email content in response to your subpoena without firm assurance that the

11  requirements of the ECPA are met.  Therefore, until we are provided with the valid, written

12  consent of the account holder(s), we must object.

13          **8.      Objection to Production of Material Subject to Foreign Data Privacy Law.**

14  Microsoft objects to the production of information sought by your subpoena to the extent it is

15  subject to foreign data privacy laws. This includes without limitation EU Regulation 2016/679,

16  the General Data Protection Regulation ("GDPR") or EU General Data Protection Regulation

17  (Regulation (EU) 2016/679) as amended and transposed into the laws of the United Kingdom

18  pursuant to the European Union (Withdrawal) Act 2018 and the European Union (Withdrawal

19  Agreement) Act 2020 ("UK GDPR"), or other foreign data privacy laws that might apply.

20  Microsoft is determining whether the data sought by your subpoena is subject to any such law;

21  the process for making this determination takes approximately two weeks. Subject to, and

22  without waiver of this objection, Microsoft may produce information responsive to your

23  subpoena or that Microsoft determines is not subject to any such law and/or with the valid

24  consent of the account holder.

25          **9.      Electronically Stored Information.**  Microsoft objects to the subpoena to the

26  extent it seeks production of electronically stored information from sources not reasonably

27  accessible (e.g., legacy systems, backup media, temporary or ambient data), in light of the bur-

MICROSOFT'S OBJECTIONS TO SUBPOENA - 5

dens or costs required to locate, restore, review, and produce whatever responsive information may be found.  Known, difficult-to-access sources that may contain potentially responsive information (others may exist and become apparent once the scope of the information sought by the Subpoena is properly defined), but which Microsoft is neither searching nor producing because they are not reasonably accessible without undue burden, fall under the categories set out below: current disaster recovery media, obsolete back up media, legacy systems, sources requiring computer forensics to access, databases that are structured to hold or report information in certain formats and which cannot readily provide different data or data in different configurations, and source code.  Microsoft is not able to retrieve information from many of these sources, or even confirm with certainty whether any responsive information in fact exists on the sources, without incurring substantial undue burden or cost.

**10.      Failure to Reduce Burden on Nonparty**.  Microsoft objects to the subpoena for failing to take reasonable efforts to reduce the burden on nonparty Microsoft. *See Federal Rule of Civil Procedure 45(d)(1)*. In particular, Microsoft objects to the subpoena to the extent certain information sought is in the possession, custody, or control of the parties to the litigation.  *See e.g., Rembrandt Patent Innovations v. Apple, Inc*., 2015 WL 4393581, at *2 (W.D. Tex. July 15, 2015) (holding subpoena issued to non-party is unduly burdensome "until and unless Plaintiffs can establish they are unable to obtain the requested information from the Defendant"); *In re Allergan*, 2016 WL 5922717, at *9 (C.D. Cal. Sept. 23, 2016) ("'Courts are particularly reluctant to require a non-party to provide discovery that can be produced by a party'" (citation omitted)); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("There is simply no reason to burden nonparties when the documents sought are in possession of the party defendant."); *Moon v. SCP Pool Corp*. 232 F.R.D. 633, 638 (C.D. Cal. 2005) ("[T]hese requests all pertain to defendant, who is a party, and, thus, plaintiffs can more easily and inexpensively obtain the documents from defendant, rather than from [the] nonparty") (citing *Dart Indus. Co. v. Westwood Chem. Co*., 649 F.2d 646, 649 (9th Cir. 1980))); *Haworth, Inc. v. Herman Miller, Inc*., 998 F.2d 975, 978 (Fed. Cir. 1993) (affirming

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104-1610
206-622-3150 main · 206-757-7700 fax

denial of motion to compel production from nonparty, holding "the district court could properly require [defendant] to seek discovery from its party opponent before burdening the nonparty [] with [an] ancillary proceeding").  Obtaining records from a party also allows the parties to the litigation to directly address any confidentiality and privacy issues.

**11.      Timing of Compliance.**  Microsoft requires approximately eight weeks to process new requests for Subscriber Data. Accordingly, we ask that you extend the deadline of your subpoena to permit Microsoft to properly comply with its internal procedures.  In the event that you do not agree, we must object to your subpoenas on the ground that it does not permit a reasonable time for response.

**12.      Prepayment of Costs.**  Microsoft requires the prepayment of its reasonable costs of complying with your subpoena before the production of documents.  If prepayment is not remitted, Microsoft reserves the right to object to your subpoena and withhold the production of documents on the ground that the request is unduly costly and burdensome to Microsoft.  Microsoft's third-party fee schedule is available upon request.

**13.      Reservation of Rights.**  These objections apply to each request in the subpoena. Microsoft reserves its right to supplement, amend, correct, or modify its responses herein.

## II.      RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

Microsoft incorporates the above objections in their entirety into each specific objection below. Microsoft's specific objections are made for purposes of clarity and emphasis. Microsoft does not waive its above objections with respect to any of the subpoena's requests below. Microsoft will not produce documents without (1) prepayment of Microsoft's reasonable costs for complying with the subpoena; and (2) an attestation that complies with Washington's Shield Law.

Microsoft objects to these requests for failing to take reasonable efforts to reduce the burden on nonparty Microsoft. *See* Federal Rule of Civil Procedure 45(d)(1). In particular,

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104-1610
206-622-3150 main · 206-757-7700 fax

Microsoft objects to these requests to the extent the information sought is in the possession, custody, or control of the account holder(s).

**REQUEST NO. 1:**

Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—i.e., David Flynn—and the Skype user Nicholas Carroll or the Skype account "n.carroll_6" from January 1, 2019 through December 31, 2023.

**RESPONSE TO REQUEST NO. 1:**

Microsoft interprets this request as seeking content associated with the Skype accounts: xcellent.choice and n.carroll_6. Microsoft objects to this request in that it seeks documents that are not relevant, necessary, and proportional to the needs of the case and places a disproportionate and undue burden on a third party because (1) the terms and phrases "documents," "David Flynn," and "Skype user Nicholas Caroll" are vague and ambiguous; (2) it seeks information more easily obtained from a party to the litigation or the account holders; (3) it fails to take reasonable efforts to reduce the burden on nonparty Microsoft; and (4) the requests for "David Flynn," and "Nicholas Carroll" fail to provide valid identifiers, clarifying definitions or information necessary for Microsoft to conduct a reasonable search. Microsoft cannot search for customer records by name, business name, or keyword.

Microsoft objects to this request as seeking content prohibited from disclosure by the Electronic Communications Privacy Act ("ECPA") without first obtaining consent from the account holder. **Microsoft will not produce the content of electronic communications absent verified account holder consent.**

Microsoft will not produce documents in response to this request.

**REQUEST NO. 2:**

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104-1610
206-622-3150 main · 206-757-7700 fax

Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—i. e., David Flynn—and the Skype user Johnny DeLuca from January 1, 2019 through December 31, 2023.

**RESPONSE TO REQUEST NO. 2:**

Microsoft interprets this request as seeking content associated with the Skype account(s): xcellent.choice. Microsoft objects to this request in that it seeks documents that are not relevant, necessary, and proportional to the needs of the case and places a disproportionate and undue burden on a third party because (1) the terms and phrases "documents," "David Flynn," and "Skype user Johnny DeLuca" are vague and ambiguous; (2) it seeks information more easily obtained from a party to the litigation or the account holders; (3) it fails to take reasonable efforts to reduce the burden on nonparty Microsoft; and (4) the requests for "David Flynn," and "Johnny DeLuca" fail to provide valid identifiers, clarifying definitions or information necessary for Microsoft to conduct a reasonable search. Microsoft cannot search for customer records by name, business name, or keyword.

Microsoft objects to this request as seeking content prohibited from disclosure by the Electronic Communications Privacy Act ("ECPA") without first obtaining consent from the account holder. **Microsoft will not produce the content of electronic communications absent verified account holder consent.**

Microsoft will not produce documents in response to this request.

**REQUEST NO. 3:**

Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—i.e., David Flynn—and the Skype user Benjamin Scrancher a/k/a Ben

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104-1610
206-622-3150 main · 206-757-7700 fax

Scrancher or the Skype account "b.scrancher" from January 1, 2019 through December 31, 2023.

**RESPONSE TO REQUEST NO. 3:**

Microsoft interprets this request as seeking content associated with the Skype accounts: xcellent.choice and b.scrancher. Microsoft objects to this request in that it seeks documents that are not relevant, necessary, and proportional to the needs of the case and places a disproportionate and undue burden on a third party because (1) the terms and phrases "documents," "David Flynn," and "Skype user Benjamin Scrancher a/k/a Ben Scrancher" are vague and ambiguous; (2) it seeks information more easily obtained from a party to the litigation or the account holders; (3) it fails to take reasonable efforts to reduce the burden on nonparty Microsoft; and (4) the requests for "David Flynn," and "Benjamin Scrancher a/k/a Ben Scrancher" fail to provide valid identifiers, clarifying definitions or information necessary for Microsoft to conduct a reasonable search. Microsoft cannot search for customer records by name, business name, or keyword.

Microsoft objects to this request as seeking content prohibited from disclosure by the Electronic Communications Privacy Act ("ECPA") without first obtaining consent from the account holder. **Microsoft will not produce the content of electronic communications absent verified account holder consent.**

Microsoft will not produce documents in response to this request.

**REQUEST NO. 4:**

Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—i. e., David Flynn—and the Skype user Meghan O'Donnell or the Skype account "m.odonnell_19" from January 1, 2019 through December 31, 2023.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104-1610
206-622-3150 main · 206-757-7700 fax

**RESPONSE TO REQUEST NO. 4:**

Microsoft interprets this request as seeking content associated with the Skype accounts: xcellent.choice and m.odonnell_19. Microsoft objects to this request in that it seeks documents that are not relevant, necessary, and proportional to the needs of the case and places a disproportionate and undue burden on a third party because (1) the terms and phrases "documents," "David Flynn," and "Skype user Meghan O'Donnell" are vague and ambiguous; (2) it seeks information more easily obtained from a party to the litigation or the account holders; (3) it fails to take reasonable efforts to reduce the burden on nonparty Microsoft; and (4) the requests for "David Flynn," and "Meghan O'Donnell" fail to provide valid identifiers, clarifying definitions or information necessary for Microsoft to conduct a reasonable search. Microsoft cannot search for customer records by name, business name, or keyword.

Microsoft objects to this request as seeking content prohibited from disclosure by the Electronic Communications Privacy Act ("ECPA") without first obtaining consent from the account holder. **Microsoft will not produce the content of electronic communications absent verified account holder consent.**

Microsoft will not produce documents in response to this request.

**REQUEST NO. 5:**

Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—i.e., David Flynn—and the Skype account "m.jacula" from January 1, 2019 through December 31, 2023.

**RESPONSE TO REQUEST NO. 5:**

Microsoft interprets this request as seeking content associated with the Skype accounts: xcellent.choice and m.jacula. Microsoft objects to this request in that it seeks documents that

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104-1610
206-622-3150 main · 206-757-7700 fax

are not relevant, necessary, and proportional to the needs of the case and places a disproportionate and undue burden on a third party because (1) the terms and phrases "documents," and "David Flynn" are vague and ambiguous; (2) it seeks information more easily obtained from a party to the litigation or the account holders; (3) it fails to take reasonable efforts to reduce the burden on nonparty Microsoft; and (4) the request for "David Flynn" fails to provide valid identifiers, clarifying definitions or information necessary for Microsoft to conduct a reasonable search. Microsoft cannot search for customer records by name, business name, or keyword.

Microsoft objects to this request as seeking content prohibited from disclosure by the Electronic Communications Privacy Act ("ECPA") without first obtaining consent from the account holder. **Microsoft will not produce the content of electronic communications absent verified account holder consent.**

Microsoft will not produce documents in response to this request.

**REQUEST NO. 6:**

Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—i.e., David Flynn—and the Skype user Melissa Flipski or the Skype account "melflipski" from January 1, 2019 through December 31, 2023.

**RESPONSE TO REQUEST NO. 6:**

Microsoft interprets this request as seeking content associated with the Skype accounts: xcellent.choice and melflipski. Microsoft objects to this request in that it seeks documents that are not relevant, necessary, and proportional to the needs of the case and places a disproportionate and undue burden on a third party because (1) the terms and phrases "documents," "David Flynn," and "Skype user Melissa Flipski" are vague and ambiguous; (2)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104-1610
206-622-3150 main · 206-757-7700 fax

it seeks information more easily obtained from a party to the litigation or the account holders; (3) it fails to take reasonable efforts to reduce the burden on nonparty Microsoft; and (4) the requests for "David Flynn," and "Melissa Flipski" fail to provide valid identifiers, clarifying definitions or information necessary for Microsoft to conduct a reasonable search. Microsoft cannot search for customer records by name, business name, or keyword.

Microsoft objects to this request as seeking content prohibited from disclosure by the Electronic Communications Privacy Act ("ECPA") without first obtaining consent from the account holder. **Microsoft will not produce the content of electronic communications absent verified account holder consent.**

Microsoft will not produce documents in response to this request.

**REQUEST NO. 7:**

Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—i.e., David Flynn—and the Skype user Gary Cardone or the Skype account "gcardone1" from January 1, 2019 through December 31, 2023.

**RESPONSE TO REQUEST NO. 7:**

Microsoft interprets this request as seeking content associated with the Skype accounts: xcellent.choice and gcardone1. Microsoft objects to this request in that it seeks documents that are not relevant, necessary, and proportional to the needs of the case and places a disproportionate and undue burden on a third party because (1) the terms and phrases "documents," "David Flynn," and "Skype user Gary Cardone" are vague and ambiguous; (2) it seeks information more easily obtained from a party to the litigation or the account holders; (3) it fails to take reasonable efforts to reduce the burden on nonparty Microsoft; and (4) the requests for "David Flynn," and "Gary Cardone" fail to provide valid identifiers, clarifying

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104-1610
206-622-3150 main · 206-757-7700 fax

definitions or information necessary for Microsoft to conduct a reasonable search. Microsoft cannot search for customer records by name, business name, or keyword.

Microsoft objects to this request as seeking content prohibited from disclosure by the Electronic Communications Privacy Act ("ECPA") without first obtaining consent from the account holder. **Microsoft will not produce the content of electronic communications absent verified account holder consent.**

Microsoft will not produce documents in response to this request.

## REQUEST NO. 8:

Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—i.e., David Flynn and the Skype account(s) for subscriber Monica Eaton a/k/a Monica Cardone from January 1, 2019 through December 31, 2023.

## RESPONSE TO REQUEST NO. 8:

Microsoft interprets this request as seeking content associated with the Skype account(s): xcellent.choice. Microsoft objects to this request in that it seeks documents that are not relevant, necessary, and proportional to the needs of the case and places a disproportionate and undue burden on a third party because (1) the terms and phrases "documents," "David Flynn," and "Skype account(s) for subscriber Monica Eaton a/k/a Monica Cardone" are vague and ambiguous; (2) it seeks information more easily obtained from a party to the litigation or the account holders; (3) it fails to take reasonable efforts to reduce the burden on nonparty Microsoft; and (4) the requests for "David Flynn," and "Skype account(s) for subscriber Monica Eaton a/k/a Monica Cardone" fail to provide valid identifiers, clarifying definitions or information necessary for Microsoft to conduct a reasonable search. Microsoft cannot search for customer records by name, business name, or keyword.

MICROSOFT'S OBJECTIONS TO SUBPOENA - 14

Microsoft objects to this request as seeking content prohibited from disclosure by the Electronic Communications Privacy Act ("ECPA") without first obtaining consent from the account holder. **Microsoft will not produce the content of electronic communications absent verified account holder consent.**

Microsoft will not produce documents in response to this request.

**REQUEST NO. 9:**

Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—i.e., David Flynn—and the Skype user Anthony Pugliese or the Skype account "apugliese_12" from January 1, 2019 through December 31, 2023.

**RESPONSE TO REQUEST NO. 9:**

Microsoft interprets this request as seeking content associated with the Skype accounts: xcellent.choice and apugliese_12. Microsoft objects to this request in that it seeks documents that are not relevant, necessary, and proportional to the needs of the case and places a disproportionate and undue burden on a third party because (1) the terms and phrases "documents," "David Flynn," and "Skype user Anthony Pugliese" are vague and ambiguous; (2) it seeks information more easily obtained from a party to the litigation or the account holders; (3) it fails to take reasonable efforts to reduce the burden on nonparty Microsoft; and (4) the requests for "David Flynn," and "Anthony Pugliese" fail to provide valid identifiers, clarifying definitions or information necessary for Microsoft to conduct a reasonable search. Microsoft cannot search for customer records by name, business name, or keyword.

Microsoft objects to this request as seeking content prohibited from disclosure by the Electronic Communications Privacy Act ("ECPA") without first obtaining consent from the

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104-1610
206-622-3150 main · 206-757-7700 fax

account holder. **Microsoft will not produce the content of electronic communications absent verified account holder consent.**

Microsoft will not produce documents in response to this request.

**REQUEST NO. 10:**

Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—i. e., David Flynn—and the Skype user Brandon Figueroa or the Skype account "brandontfigueroa" from January 1, 2019 through December 31, 2023.

**RESPONSE TO REQUEST NO. 10:**

Microsoft interprets this request as seeking content associated with the Skype accounts: xcellent.choice and brandontfigueroa. Microsoft objects to this request in that it seeks documents that are not relevant, necessary, and proportional to the needs of the case and places a disproportionate and undue burden on a third party because (1) the terms and phrases "documents," "David Flynn," and "Skype user Brandon Figueroa" are vague and ambiguous; (2) it seeks information more easily obtained from a party to the litigation or the account holders; (3) it fails to take reasonable efforts to reduce the burden on nonparty Microsoft; and (4) the requests for "David Flynn," and "Brandon Figueroa" fail to provide valid identifiers, clarifying definitions or information necessary for Microsoft to conduct a reasonable search. Microsoft cannot search for customer records by name, business name, or keyword.

Microsoft objects to this request as seeking content prohibited from disclosure by the Electronic Communications Privacy Act ("ECPA") without first obtaining consent from the account holder. **Microsoft will not produce the content of electronic communications absent verified account holder consent.**

Microsoft will not produce documents in response to this request.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104-1610
206-622-3150 main · 206-757-7700 fax

**REQUEST NO. 11:**

Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—i.e., David Flynn—and the Skype user Aurora Marshall or the Skype account "a.marshall_ 24" from January 1, 2019 through December 31, 2023.

**RESPONSE TO REQUEST NO. 11:**

Microsoft interprets this request as seeking content associated with the Skype accounts: xcellent.choice and a.marshall_ 24. Microsoft objects to this request in that it seeks documents that are not relevant, necessary, and proportional to the needs of the case and places a disproportionate and undue burden on a third party because (1) the terms and phrases "documents," "David Flynn," and "Skype user Aurora Marshall" are vague and ambiguous; (2) it seeks information more easily obtained from a party to the litigation or the account holders; (3) it fails to take reasonable efforts to reduce the burden on nonparty Microsoft; and (4) the requests for "David Flynn," and "Aurora Marshall" fail to provide valid identifiers, clarifying definitions or information necessary for Microsoft to conduct a reasonable search. Microsoft cannot search for customer records by name, business name, or keyword.

Microsoft objects to this request as seeking content prohibited from disclosure by the Electronic Communications Privacy Act ("ECPA") without first obtaining consent from the account holder. **Microsoft will not produce the content of electronic communications absent verified account holder consent.**

Microsoft will not produce documents in response to this request.

**REQUEST NO. 12:**

Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104-1610
206-622-3150 main · 206-757-7700 fax

"xcellent.choice"—i.e., David Flynn—and the Skype account "instantlyfamous" from January 1, 2019 through December 31, 2023.

**RESPONSE TO REQUEST NO. 12:**

Microsoft interprets this request as seeking content associated with the Skype accounts: xcellent.choice and instantlyfamous. Microsoft objects to this request in that it seeks documents that are not relevant, necessary, and proportional to the needs of the case and places a disproportionate and undue burden on a third party because (1) the terms and phrases "documents," and "David Flynn" are vague and ambiguous; (2) it seeks information more easily obtained from a party to the litigation or the account holders; (3) it fails to take reasonable efforts to reduce the burden on nonparty Microsoft; and (4) the request for "David Flynn" fails to provide valid identifiers, clarifying definitions or information necessary for Microsoft to conduct a reasonable search. Microsoft cannot search for customer records by name, business name, or keyword.

Microsoft objects to this request as seeking content prohibited from disclosure by the Electronic Communications Privacy Act ("ECPA") without first obtaining consent from the account holder. **Microsoft will not produce the content of electronic communications absent verified account holder consent.**

Microsoft will not produce documents in response to this request.

**REQUEST NO. 13:**

Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—i.e., David Flynn—and the Skype account "threecommaclub" from January 1, 2019 through December 31, 2023.

**RESPONSE TO REQUEST NO. 13:**

MICROSOFT'S OBJECTIONS TO SUBPOENA - 18

Microsoft interprets this request as seeking content associated with the Skype accounts: xcellent.choice and threecommaclub. Microsoft objects to this request in that it seeks documents that are not relevant, necessary, and proportional to the needs of the case and places a disproportionate and undue burden on a third party because (1) the terms and phrases "documents," and "David Flynn" are vague and ambiguous; (2) it seeks information more easily obtained from a party to the litigation or the account holders; (3) it fails to take reasonable efforts to reduce the burden on nonparty Microsoft; and (4) the request for "David Flynn" fails to provide valid identifiers, clarifying definitions or information necessary for Microsoft to conduct a reasonable search. Microsoft cannot search for customer records by name, business name, or keyword.

Microsoft objects to this request as seeking content prohibited from disclosure by the Electronic Communications Privacy Act ("ECPA") without first obtaining consent from the account holder. **Microsoft will not produce the content of electronic communications absent verified account holder consent.**

Microsoft will not produce documents in response to this request.

**REQUEST NO. 14:**

Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—i.e., David Flynn—and the Skype account "thebigguy1978_1" from January 1, 2019 through December 31, 2023.

**RESPONSE TO REQUEST NO. 14:**

Microsoft interprets this request as seeking content associated with the Skype accounts: xcellent.choice and thebigguy1978_1. Microsoft objects to this request in that it seeks documents that are not relevant, necessary, and proportional to the needs of the case and places

MICROSOFT'S OBJECTIONS TO SUBPOENA - 19

a disproportionate and undue burden on a third party because (1) the terms and phrases "documents," and "David Flynn" are vague and ambiguous; (2) it seeks information more easily obtained from a party to the litigation or the account holders; (3) it fails to take reasonable efforts to reduce the burden on nonparty Microsoft; and (4) the request for "David Flynn" fails to provide valid identifiers, clarifying definitions or information necessary for Microsoft to conduct a reasonable search. Microsoft cannot search for customer records by name, business name, or keyword.

Microsoft objects to this request as seeking content prohibited from disclosure by the Electronic Communications Privacy Act ("ECPA") without first obtaining consent from the account holder. **Microsoft will not produce the content of electronic communications absent verified account holder consent.**

Microsoft will not produce documents in response to this request.

**REQUEST NO. 15:**

Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—i.e., David Flynn—relating to MSwipe Americas from January 1, 2019 through December 31, 2023.

**RESPONSE TO REQUEST NO. 15:**

Microsoft interprets this request as seeking content associated with the Skype account(s): xcellent.choice. Microsoft objects to this request in that it seeks documents that are not relevant, necessary, and proportional to the needs of the case and places a disproportionate and undue burden on a third party because (1) the terms and phrases "documents," "David Flynn," and "relating to MSwipe Americas" are vague and ambiguous; (2) it seeks information more easily obtained from a party to the litigation or the account holders; (3) it fails to take

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104-1610
206-622-3150 main · 206-757-7700 fax

reasonable efforts to reduce the burden on nonparty Microsoft; and (4) the request for "David Flynn" fails to provide valid identifiers, clarifying definitions or information necessary for Microsoft to conduct a reasonable search. Microsoft cannot search for customer records by name, business name, or keyword.

Microsoft objects to this request as seeking content prohibited from disclosure by the Electronic Communications Privacy Act ("ECPA") without first obtaining consent from the account holder. **Microsoft will not produce the content of electronic communications absent verified account holder consent.**

Microsoft will not produce documents in response to this request.

## REQUEST NO. 16:

Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—i.e., David Flynn—relating to Brightree Holdings from January 1, 2019 through December 31, 2023.

## RESPONSE TO REQUEST NO. 16:

Microsoft interprets this request as seeking content associated with the Skype account(s): xcellent.choice. Microsoft objects to this request in that it seeks documents that are not relevant, necessary, and proportional to the needs of the case and places a disproportionate and undue burden on a third party because (1) the terms and phrases "documents," "David Flynn," and "relating to Brightree Holdings" are vague and ambiguous; (2) it seeks information more easily obtained from a party to the litigation or the account holders; (3) it fails to take reasonable efforts to reduce the burden on nonparty Microsoft; and (4) the request for "David Flynn" fails to provide valid identifiers, clarifying definitions or information necessary for

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104-1610
206-622-3150 main · 206-757-7700 fax

Microsoft to conduct a reasonable search. Microsoft cannot search for customer records by name, business name, or keyword.

Microsoft objects to this request as seeking content prohibited from disclosure by the Electronic Communications Privacy Act ("ECPA") without first obtaining consent from the account holder. **Microsoft will not produce the content of electronic communications absent verified account holder consent.**

Microsoft will not produce documents in response to this request.

**REQUEST NO. 17:**

Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—i.e., David Flynn—relating to Beyond Global, Inc. from January 1, 2019 through December 31, 2023.

**RESPONSE TO REQUEST NO. 17:**

Microsoft interprets this request as seeking content associated with the Skype account(s): xcellent.choice. Microsoft objects to this request in that it seeks documents that are not relevant, necessary, and proportional to the needs of the case and places a disproportionate and undue burden on a third party because (1) the terms and phrases "documents," "David Flynn," and "relating to Beyond Global, Inc" are vague and ambiguous; (2) it seeks information more easily obtained from a party to the litigation or the account holders; (3) it fails to take reasonable efforts to reduce the burden on nonparty Microsoft; and (4) the request for "David Flynn" fails to provide valid identifiers, clarifying definitions or information necessary for Microsoft to conduct a reasonable search. Microsoft cannot search for customer records by name, business name, or keyword.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104-1610
206-622-3150 main · 206-757-7700 fax

Microsoft objects to this request as seeking content prohibited from disclosure by the Electronic Communications Privacy Act ("ECPA") without first obtaining consent from the account holder. **Microsoft will not produce the content of electronic communications absent verified account holder consent.**

Microsoft will not produce documents in response to this request.

## REQUEST NO. 18:

Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—i.e., David Flynn—relating to BMOR Global, LLC from January 1, 2019 through December 31, 2023.

## RESPONSE TO REQUEST NO. 18:

Microsoft interprets this request as seeking content associated with the Skype account(s): xcellent.choice. Microsoft objects to this request in that it seeks documents that are not relevant, necessary, and proportional to the needs of the case and places a disproportionate and undue burden on a third party because (1) the terms and phrases "documents," "David Flynn," and "relating to BMOR Global, LLC" are vague and ambiguous; (2) it seeks information more easily obtained from a party to the litigation or the account holders; (3) it fails to take reasonable efforts to reduce the burden on nonparty Microsoft; and (4) the request for "David Flynn" fails to provide valid identifiers, clarifying definitions or information necessary for Microsoft to conduct a reasonable search. Microsoft cannot search for customer records by name, business name, or keyword.

Microsoft objects to this request as seeking content prohibited from disclosure by the Electronic Communications Privacy Act ("ECPA") without first obtaining consent from the

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104-1610
206-622-3150 main · 206-757-7700 fax

account holder. **Microsoft will not produce the content of electronic communications absent verified account holder consent.**

Microsoft will not produce documents in response to this request.

**REQUEST NO. 19:**

Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—i.e., David Flynn—relating to Blue Hat Marketing from January 1, 2019 through December 31, 2023.

**RESPONSE TO REQUEST NO. 19:**

Microsoft interprets this request as seeking content associated with the Skype account(s): xcellent.choice. Microsoft objects to this request in that it seeks documents that are not relevant, necessary, and proportional to the needs of the case and places a disproportionate and undue burden on a third party because (1) the terms and phrases "documents," "David Flynn," and "relating to Blue Hat Marketing" are vague and ambiguous; (2) it seeks information more easily obtained from a party to the litigation or the account holders; (3) it fails to take reasonable efforts to reduce the burden on nonparty Microsoft; and (4) the request for "David Flynn" fails to provide valid identifiers, clarifying definitions or information necessary for Microsoft to conduct a reasonable search. Microsoft cannot search for customer records by name, business name, or keyword.

Microsoft objects to this request as seeking content prohibited from disclosure by the Electronic Communications Privacy Act ("ECPA") without first obtaining consent from the account holder. **Microsoft will not produce the content of electronic communications absent verified account holder consent.**

Microsoft will not produce documents in response to this request.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104-1610
206-622-3150 main · 206-757-7700 fax

**REQUEST NO. 20:**

Copies of all Skype messages, documents, or communications between the account "xcellent.choice" or any other Skype account associated with the subscriber for the account "xcellent.choice"—i.e., David Flynn—relating to Chargebacks911 from January 1, 2019 through December 31, 2023.

**RESPONSE TO REQUEST NO. 20:**

Microsoft interprets this request as seeking content associated with the Skype account(s): xcellent.choice. Microsoft objects to this request in that it seeks documents that are not relevant, necessary, and proportional to the needs of the case and places a disproportionate and undue burden on a third party because (1) the terms and phrases "documents," "David Flynn," and "relating to Chargebacks911" are vague and ambiguous; (2) it seeks information more easily obtained from a party to the litigation or the account holders; (3) it fails to take reasonable efforts to reduce the burden on nonparty Microsoft; and (4) the request for "David Flynn" fails to provide valid identifiers, clarifying definitions or information necessary for Microsoft to conduct a reasonable search. Microsoft cannot search for customer records by name, business name, or keyword.

Microsoft objects to this request as seeking content prohibited from disclosure by the Electronic Communications Privacy Act ("ECPA") without first obtaining consent from the account holder. **Microsoft will not produce the content of electronic communications absent verified account holder consent.**

Microsoft will not produce documents in response to this request.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104-1610
206-622-3150 main · 206-757-7700 fax

1    DATED this 12ᵗʰ day of July, 2024.

2                                          DAVIS WRIGHT TREMAINE LLP
                                           Attorneys for Microsoft Corporation
3

4                                          By */s/ James Howard*
                                               James Howard, WSBA #37259
5                                              Lisa Southerland
                                               920 Fifth Avenue, Suite 3300
6                                              Seattle, WA  98104-1610
                                               Telephone: 202-973-4221
7                                              Email: LisaSoutherland@dwt.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104-1610
206-622-3150 main · 206-757-7700 fax

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2024, I caused the foregoing document to be served by electronic mail to the following recipient(s):

Kevin Kneupper
Kneupper & Covey PC
17011 Beach Blvd. Suite 900
Huntington Beach, CA 92647

kevin@kneuppercovey.com

Addison Legal Services, LLC
2405 Evergreen Park Drive SW, Suite B-2
Olympia, WA 98052

serve@addisonlegal.com

DATED this 12th day of July, 2024.

DAVIS WRIGHT TREMAINE LLP
Attorneys for Microsoft Corporation

By */s/ James Howard*
James Howard, WSBA #37259
Lisa Southerland
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
Telephone: 202-973-4221
Email: LisaSoutherland@dwt.com

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Ave., Ste. 3300, Seattle, WA 98104-1610
206-622-3150 main · 206-757-7700 fax